CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

**FEB 2 6 2010**

JOHN F. CORCORAN, CLERK
BY: _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH L. FITZGERALD, | ) | Civil Action No. 7:09-cv-00155 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN LORRETTA KELLY, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Keith L. Fitzgerald, a Virginia inmate proceeding pro se, filed a petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received

ineffective assistance of counsel and was denied due process. The respondent filed a motion to

dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the

record, the court grants the respondent's motion to dismiss.

I.

Petitioner is incarcerated pursuant to two separate judgments of the Circuit Court of the

City of Danville. The trial court entered the first judgment on March 28, 2006, convicting

petitioner of first degree murder, discharging a firearm in a dwelling, felony eluding, and two

counts of use of a firearm in the commission of a felony. The trial court entered the second

judgment on July 10, 2006, convicting petitioner of malicious wounding. Petitioner received a

total sentence of life imprisonment plus 43 years with 20 years suspended.

Petitioner filed two appeals of his convictions to the Court of Appeals of Virginia.[1] The

Court of Appeals affirmed his convictions for first degree murder, Fitzgerald v. Commonwealth,

---

[1] The jury returned a guilty verdict for aggravated malicious wounding that the trial court took under
advisement in response to defense counsel's motion. The trial court subsequently entered the criminal judgment for
malicious wounding on a date later than the judgments for the other charges, and petitioner filed an appeal from each
separately entered judgment.

No. 1131-06-3, slip op. at 2 (Va. Ct. App. Nov. 16, 2006), and malicious wounding, Fitzgerald v. Commonwealth, No. 2502-06-3, slip op. at 3-4 (Va. Ct. App. July 19, 2007). On July 2, 2007, and December 20, 2007, the Supreme Court of Virginia denied petitioner's subsequent appeals of the two Court of Appeals orders.

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on June 16, 2008, that it dismissed on December 18, 2008. Fitzgerald v. Warden, No. 356455, slip op. (Va. Dec. 18, 2008). Petitioner filed his federal habeas petition in March 2009. In the instant petition, petitioner challenges his convictions for the following reasons.

1. Counsels were ineffective at trial because they failed to:
   a. Investigate his case, interview witnesses, properly prepare the case, and request a continuance;
   b. Go over the discovery with petitioner;
   c. Request proper jury instructions, object to the jury instructions, and present due process violations;
   d. Object to a jury view;
   e. Request appointment of a bullet trajectory expert;
   f. Request appointment of a blood splatter expert;
   g. Present exculpatory evidence;
   h. Introduce the history of Reuben Johnson;
   i. Object to the prosecutor misleading the jury;
   j. Raise the conflict of interest of petitioner's first counsel, give evidence to second counsel, and refile the first counsel's unsuccessful suppression motion;
   k. Request the prior statements of the Commonwealth's witnesses;
   l. Request a pre-sentence report; and
   m. File a proper appeal.

2. Petitioner was denied due process because:
   a. He was denied competent counsel;
   b. He was denied a fair trial;
   c. He was denied proper jury instructions;
   d. He was convicted on insufficient evidence;
   e. The court permitted an improper jury view;
   f. The prosecutor misled the jury;
   g. He was improperly sentenced;

2

h.     His appeal was improper; and

i.     The prosecutor failed to turn over exculpatory evidence and denied defense counsel the opportunity to review prior statements of the Commonwealth's witnesses.

As a preliminary matter, petitioner filed two motions to amend. Petitioner requests leave in his first motion to address "cause and prejudice" to excuse his alleged procedural default of several claims. Petitioner also includes annotated crime scene photos in support of this motion. In his second motion to amend, petitioner addresses the cause and prejudice to excuse his procedural default, which is the same information he sought leave to present by the first motion. Upon consideration of the requests, the court grants petitioner's motions to amend.

## II.

### A.

Federal courts grant habeas relief "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for unexhausted claims that were not presented to the highest state court.[2] O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v.

---

[2]Respondent acknowledges that petitioner exhausted his state court remedies for his present claims.

Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. The court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### B.

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of

4

reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978). The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

The court reviewed petitioner's present petition and the state court records and finds that the Supreme Court of Virginia's adjudication of petitioner's state habeas petition was not contrary to, or an unreasonable application of, federal law or based upon an unreasonable determination of the facts when it dismissed petitioner's ineffective assistance of counsel and due process claims. Furthermore, plaintiff fails to state a claim of ineffective assistance of counsel or due process violations to warrant a writ of habeas corpus.

Petitioner alleges that counsel failed to investigate his case. He argues that twenty-one days between counsel's appointment and the trial was too short and ineffective assistance should be presumed. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong and stated, "[p]etitioner fails to articulate what actions counsel should have taken to adequately investigate the case or identify what counsel would have discovered had he

5

investigated the case further." Fitzgerald v. Warden, No. 081149 at 2.

The few instances where prejudice under Strickland is presumed occurs when (1) there was no lawyer present during a critical stage; (2) the attorney failed to subject the prosecution's case to meaningful adversarial testing and thus might as well have been absent; and (3) even competent counsel could not provide effective assistance under the circumstances. Lenz v. Washington, 444 F.3d 295, 303-04 (4th Cir. 2006) (citing United States v. Cronic, 466 U.S. 648, 659 (1984)). See Praylow v. Martin, 761 F.2d 179 (4th Cir. 1985) (appointment of counsel on the same day a defendant pleaded guilty does not create a presumption of ineffective assistance and some showing of actual prejudice is required). Petitioner speculates that counsel could not have worked only on petitioner's case during the twenty-one days between counsel's appointment and trial and, therefore, a reasonable probability exists that the outcome would be different. (Mem. (No. 2) 12.) However, petitioner's mere speculation of the number of cases, if any, that counsel also handled at the same time does not impute presumed prejudice, and petitioner does not demonstrate counsel's deficient performance before the start of the trial. Furthermore, a review of the transcripts contradicts the presence of any of the Cronic factors because petitioner had counsel at the critical stages and counsel provided meaningful challenges to the Commonwealth's case.

Petitioner alleges counsel was ineffective for not interviewing witnesses. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong, stating "[p]etitioner does not identify the witnesses he argues counsel should have interviewed, he fails to proffer the evidence that counsel would have obtained from these witnesses, and he fails to explain how this information would have been beneficial to petitioner's defense." Fitzgerald v.

Warden, No. 081149 at 2. Petitioner does not allege in the instant petition who those witnesses were or what they would have said to his benefit. A petitioner cannot prevail on this type of claim unless he presents the substance of the proposed testimony. See, e.g., Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1991). Petitioner does not further elaborate on this claim and, therefore, does not establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges that counsel did not properly prepare for his case. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong and stated, "[p]etitioner fails to articulate what additional steps counsel should have taken to prepare for trial." Fitzgerald v. Warden, No. 081149 at 4. Petitioner also alleges that counsel was ineffective for failing to request a continuance to properly prepare for trial. He says counsel could have investigated his claim of self-defense, subpoenaed witnesses, and "properly prepared" with a continuance. The Supreme Court of Virginia also held that this claim did not satisfy either Strickland prong, stating "[p]etitioner fails to articulate what additional steps counsel would have taken had a continuance been granted, what additional evidence counsel would have discovered that would have been beneficial to petitioner's defense, or how the evidence would have affected the trial." Id. at 3. Petitioner does not further elaborate on this claim and, therefore, does not establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges counsel was ineffective for failing to review discovery with him. The Supreme Court of Virginia held that this claim did not satisfy either Strickland prong and stated, "[p]etitioner fails to identify the discovery he contends counsel should have reviewed with him." Id. Petitioner presently does not identify what that discovery was, what should have been

7

discussed with him, or how he was prejudiced. Therefore, petitioner fails to establish that the

Supreme Court of Virginia erred or that any failure to communicate with him resulted in

ineffective assistance. See Hutchins v. Garrison, 724 F.2d 1425, 1437 (4th Cir. 1983).

Petitioner alleges counsel erred by not requesting proper jury instructions, not objecting

to the jury instructions, and not objecting to the jury instructions to present "the due process

violations" to the trial court. He alleges that the trial judge failed to instruct the jury on the

presumption of innocence, reasonable doubt, and lesser included offenses for instructions four,

seven, and eight. The Supreme Court of Virginia found that these claims did not satisfy either

Strickland prong. The Supreme Court of Virginia stated:

> The record, including the trial transcript, demonstrates that defense counsel
> asked the potential jurors if they understood petitioner was presumed
> innocent until otherwise and that the potential jurors indicated they
> understood. The trial judge properly instructed the jury on reasonable doubt.
> Petitioner fails to present the language of the instructions he contends counsel
> should have requested and he fails to articulate the basis upon which he
> contends the instructions would have been granted.

Fitzgerald v. Warden, No. 081149 at 4. The Supreme Court of Virginia also stated that the

"record, including the trial transcript, demonstrates that the trial court properly instructed the jury

on the various offenses, including the lesser-included offenses." Id. at 5.

In fact, the trial court did instruct the jury on reasonable doubt that, taken as a whole,

correctly conveyed to what extent petitioner's guilt must be proved. (Tr. Tran. 3/27/06, 62, 71;

3/28/06, 132-33). See Victor v. Nebraska, 511 U.S. 1, 5 (1994) (stating there must be a

reasonable likelihood that the jury misunderstood the instructions to allow conviction based on

proof insufficient to meet the constitutional standard). Furthermore, the trial court separately

instructed the jury for aggravated malicious wounding and for the lesser included offense of

malicious wounding. (Tr. Tran. 3/28/09, 136-37.) Even if the trial court did not reiterate

petitioner's presumption of innocence when it instructed the jury, "the failure to give a requested

instruction on the presumption of innocence does not in and of itself violate the Constitution."

Kentucky v. Whorton, 441 U.S. 786, 789 (1979). The totality of circumstances in this case

establish no due process violation regarding the presumption of innocence because the trial court

also explained to the jurors that petitioner was entitled to a presumption of innocence, and the

jurors affirmed that they understood this principle. (Tr. Tran. 3/27/06, 71.) Furthermore, no

pattern of impermissible comments from the judge, prosecutor, or witnesses tainted that

presumption. Cf. Taylor v. Kentucky, 436 U.S. 478 (1978) (finding that skeletal instructions,

harmful inferences from referencing the indictment, and suggestions that a defendant is

presumably guilty violated due process). Moreover, the trial court properly charged the jury for

lesser-included offenses in instructions four, seven, and eight. Therefore, petitioner fails to

establish that the Supreme Court of Virginia erred or counsel's deficient performance or resulting

prejudice.

Petitioner alleges counsel was ineffective for not objecting to a jury view of an apartment

similar to where the crimes occurred. Petitioner complains that the apartment was empty at the

time of the view. The Supreme Court of Virginia found that this claim did not satisfy either

Strickland prong. The Supreme Court of Virginia reasoned that:

> The record, including the trial transcript, demonstrates that the jury observed an
> apartment similar to the apartment where the crime occurred. The trial court
> informed the jury that the purpose of the view was to allow the jury to see the
> dimensions and the interior of the unit. Moreover, the evidence established that
> the apartment was the same square footage and had the same floor plan as the
> apartment where the incident occurred. Petitioner fails to specify a basis upon
> which counsel could have successfully objected.

9

<u>Fitzgerald v. Warden</u>, No. 081149 at 5.

The jury was taken to see an apartment similar to the one where the crime occurred. The property owner testified that there was an empty apartment identical to where the crime took place. (Tr. Tran. 3/27/06, 136-37.) He also testified that the apartment where the crime occurred was occupied. (<u>Id.</u> 138.) On cross-examination, defense counsel developed the facts that the two apartments were 887 square feet and had "the exact same floor plan." (<u>Id.</u> 137-38.) The trial court told the jury that "the purpose of the view is to allow you to see the dimensions and the interior of this unit . . . . It's simply to let you have an opportunity to see the interior dimensions of the unit." (<u>Id.</u> 140.) Therefore, petitioner fails to establish that the Supreme Court of Virginia erred, what basis counsel could have successfully objected, or any resulting prejudice.

Petitioner alleges counsel erred by not seeking appointment of a trajectory expert and a blood splatter expert. He says that a trajectory expert could have shown that the murder victim was not shot where the witness said he was shot. He claims the absence of blood splatter on the wall behind the murdered victim proved the witness lied. The Supreme Court of Virginia found that these claims did not satisfy either <u>Strickland</u> prong. Regarding the trajectory expert, the Supreme Court of Virginia said:

> Petitioner fails to provide an affidavit from any expert to verify his testimony would have been as petitioner contends. The record, including the trial transcript, demonstrates that the medical examiner offered testimony concerning the trajectory path and counsel adequately cross-examined the medical examiner about this issue. Petitioner fails to show a particularized need for the appointment of a trajectory expert or establish that he would be prejudiced by the lack of expert assistance.

<u>Id.</u> at 6. Regarding the blood splatter expert, the Supreme Court of Virginia said:

> Petitioner fails to provide an affidavit from any expert to verify his testimony

10

would have been as petitioner contends. The record, including the trial transcript, demonstrates that there was no evidence of blood splatter where the victim was shot but there was evidence of blood splatter on the walls along the stairs. The medical examiner testified that little bleeding would be expected due to the nature of the wound. Petitioner fails to show a particularized need for the expert's assistance or establish that he would be prejudiced by the lack of expert assistance.

Fitzgerald v. Warden, No. 081149 at 7.

Petitioner alleges that the absence of blood behind where the victim was standing is exculpatory, but the medical examiner testified that little bleeding would be expected because of the nature of the wound. The mortal wound caused "very, very rapid" death from the bullet tearing through the victim's brain stem, and most blood would exit from the wound as the victim lay dead. (Tr. Tran. 3/27/06, 253.) The medical examiner also fully established that the trajectory of the wound depended on the way the victim stood when the bullet first pierced his skin. (Id. 240, 250-51, 253-55.) Therefore, petitioner does not establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges counsel was ineffective for withholding exculpatory evidence. He says that counsel should have offered two certificates of analysis into evidence. The first certificate allegedly shows that no remarkable, latent fingerprints were found on the .40 caliber gun. The second certificate allegedly shows bullet fragments could not be identified with any firearm and that one bullet could have, but not positively, come from that unknown gun. Thus, petitioner concludes, the reports would have shown that there was another firearm in the house and would have corroborated his testimony.

The Supreme Court of Virginia found that these claims did not satisfy either Strickland prong and stated, "Petitioner provides no evidence to support this claim. Furthermore, the

11

record, including the trial transcript, demonstrates that three witnesses testified that petitioner was the only person that fired two guns in the apartment." Fitzgerald v. Warden, No. 081149 at 8.

Petitioner admitted that he was the only person shooting inside in the apartment. He conceded that he grabbed the .40 caliber weapon from Johnson before Johnson fired it. (Tr. Tran. 3/28/06, 70.) Petitioner testified that he saw another gun, not found by the police, on a sofa that Johnson unsuccessfully tried to reach. Petitioner argues that he prevented Johnson from reaching the gun by continually shooting at him. Therefore, Johnson never shot another gun, petitioner admitted holding and shooting the .40 caliber gun, and, thus, he fails to establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges counsel should have objected to the prosecutor's statement that all the shell casings at the crime scene came from the guns petitioner fired in the apartment. Petitioner believes the certificate of analysis would have shown that a never-found third gun could have been used in the apartment to shoot one bullet while petitioner shot-up the apartment with two firearms. The Supreme Court of Virginia did not address this claim.

Petitioner does not identify when the prosecutor made this statement or how it prejudiced him in light of his own admissions that he was shooting throughout the apartment as he chased Johnson. Moreover, petitioner's exhibit does not establish that any of the cartridge cases, bullet fragments, or bullets retrieved from the scene are attributable to a firearm not recovered from the crime scene or petitioner's possession.[3] (Mem. 39-41.) Accordingly, petitioner fails to establish

---

[3]The exhibit states that bullet remains #5 and #11 are not suitable for identification with any firearm." (Mem. 39) (emphasis added).

counsel's deficient performance by not objecting to the prosecutor's alleged statement in light of the evidence revealed during the trial. Furthermore, petitioner failed to establish prejudice in light of the testimony establishing that he was the only one shooting in the apartment.

Petitioner alleges counsel was ineffective for not introducing the history of Reuben Johnson. Newspaper articles allegedly would have corroborated petitioner's theory that Johnson was a violent person who used firearms. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong and stated, "Petitioner fails to provide the evidence he contends counsel should have introduced or demonstrate that the evidence would have been admitted had counsel sought to introduce it at trial." Fitzgerald v. Warden, No. 081149 at 8.

Johnson admitted he was carrying a .40 caliber weapon and pulled it out during the argument with petitioner. (Tr. Tran. 3/27/06, 107.) Johnson admitted that the gun was a fully loaded Glock holding 15 bullets. (Id. 129.) It was also undisputed that petitioner grabbed Johnson's gun and shot it at Johnson before any shooting began. (Tr. Tran. 3/28/06, 71.) Regardless of its inadmissibility as hearsay, the newspaper articles petitioner attaches to his memorandum only discuss Johnson's suspected homicide while he allegedly sought to purchase narcotics and does not describe Johnson as a violent person. Therefore, plaintiff fails to establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges his second counsel was ineffective for not raising the conflict of interest of his first counsel before the trial court appointed second counsel. The Supreme Court of Virginia found that this claim was moot and stated, "The record, including the transcript of the motion to withdraw hearing, demonstrates that this conflict of interest was presented to the trial court and that the motion to withdraw was granted, and [petitioner's first counsel] was removed

13

from the case." Fitzgerald v. Warden, No. 081149 at 9. See Hr'g Tran. 2/27/06, 3/3/06.
Petitioner notably does not indicate how this information was relevant to the jury's consideration of his guilt or how it should have been admitted into evidence. Petitioner's instant, bare speculation that the outcome would have been different is insufficient to establish deficient performance or prejudice. Therefore, plaintiff fails to establish that the Supreme Court of Virginia erred or second counsel provided ineffective.

Petitioner alleges his first counsel was ineffective for not turning over transcripts of the suppression hearing to his second counsel. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong and stated, "Petitioner fails to identify the evidence that was withheld from counsel. Furthermore, [second] counsel had the ability to obtain transcripts from the suppression hearing." Fitzgerald v. Warden, No. 081149 at 9. Petitioner does not presently allege why replacement transcripts could not have been obtained. Petitioner fails to establish ineffective assistance because he does not state how those transcripts could have been used or that there were serious inconsistencies between the testimony at the suppression hearing and trial. Therefore, plaintiff fails to establish that the Supreme Court of Virginia erred or first counsel provided ineffective assistance.

Petitioner alleges that his second counsel was ineffective for not refiling his first counsel's suppression motion. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong and stated, "Petitioner fails to identify a valid legal basis upon which counsel could have refiled the suppression motion, and fails to identify what such action would have accomplished." Id. at 10. Petitioner does not say what he sought to suppress, in what way the original decision was flawed, or what counsel could have argued in a renewed

14

suppression motion to overcome the prior denial. Therefore, plaintiff fails to establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges counsel was ineffective for not requesting the prior statements of the Commonwealth's witnesses. Petitioner argues that the Commonwealth withheld allegedly exculpatory Brady material of the Commonwealth witnesses' inconsistent statements. The Supreme Court of Virginia did not address this claim because it was not separately listed.

Petitioner does not describe the alleged discrepancies between the witnesses' pretrial statements and their trial testimony. Instead, he says each witnesses' testimony was internally inconsistent and also inconsistent with other witnesses' testimonies and the physical evidence. (Mem. 16-19). Therefore, petitioner argues that the alleged inconsistencies occurred during the trial, not during pretrial and trial periods. Thus, petitioner fails to establish prejudice from counsel's alleged failure to obtain copies of prior statements of the Commonwealth's witnesses in light of his own testimony. Moreover, the record reveals that petitioner's counsels filed several motions for Brady materials in January, February, and March 2006. The Commonwealth responded to each request by providing material that may have been useful to the petitioner. However, the Commonwealth's Attorney certified that he did not find any other mitigating evidence to provide petitioner. Therefore, petitioner also fails to establish any deficient performance by counsel because counsel filed requests seeking the release of information. Accordingly, plaintiff fails to establish either Strickland prong.

Petitioner alleges counsel was ineffective for not requesting a pre-sentence report. The Supreme Court of Virginia found that this claim did not satisfy either Strickland prong and stated, "The record, including the trial transcript, demonstrates that petitioner waived the

15

pre-sentence report." <u>Fitzgerald v. Warden</u>, No. 081149 at 10. Counsel stated on the record that "at the request of my client with regard to those verdicts and recommendations that the Court is not setting a[s]ide, my client waives [a] Pre-Sentence Report . . . ." (Sent. Tran. 3/28/06, 258.) Petitioner is bound by the acts of his lawyer-agent when waiving non-fundamental rights like a pre-sentence report. <u>See New York v. Hill</u>, 528 U.S. 110, 114-15 (2000) (reviewing case law that defendant is deemed bound by the acts of his lawyer-agent for many decisions that do not implicate fundamental rights). Petitioner does not establish how he was prejudiced by the lack of a pre-sentence report because he could make any mitigating statements to the trial court before it pronounced his sentence. Therefore, plaintiff fails to establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

Petitioner alleges counsel was ineffective for not filing a proper appeal. He says counsel should have challenged the firearms and the eluding convictions. Petitioner also argues that counsel should have appealed the firearm conviction when he appealed the malicious wounding conviction. The Supreme Court of Virginia found that these claims did not satisfy either <u>Strickland</u> prong and noted that the "record, including the trial transcript, demonstrates that the evidence was sufficient to convict petitioner of these crimes. Further, petitioner fails to articulate any valid arguments that could have been raised [on appeal] regarding these convictions." <u>Fitzgerald v. Warden</u>, No. 081149 at 10.

Petitioner presently argues that petitioner would have been found innocent of using a firearm in the commission of an aggravated malicious wounding. However, the jury found petitioner guilty "of using [a] firearm in [the] commission of [an] aggravated malicious wounding or [a] malicious wounding." (Tr. Tran. 3/28/06, 211.) Therefore, petitioner fails to

establish that the Supreme Court of Virginia erred or counsel provided ineffective assistance.

## C.

A federal claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The Supreme Court of Virginia reviewed petitioner's state habeas petition and explicitly dismissed claims 2a, 2b, 2c, 2f, 2g, and 2h[4] pursuant to Slayton v. Parrigan, 215 Va. 27, 305 S.E.2d 680 (1974). The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, the Supreme Court of Virginia dismissed these

---

[4]These defaulted claims are petitioner's allegations that he was denied due process because: (a) he was denied competent counsel; (b) he was denied a fair trial; (c) he was denied proper jury instructions; (f) the prosecutor misled the jury; (g) he was improperly sentenced; and (h) his appeal was improper.

claims pursuant to an independent and adequate state procedural rule, and petitioner procedurally defaulted these claims.

When a claim is procedurally defaulted, the court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of (1) ineffective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). The court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner argues in his response to the respondent's motion to dismiss that respondent's arguments are "pseudolegal and pseudotechnical" and the court will "create an absence of available state corrective process" if it finds these claims procedurally defaulted. In his second motion to amend, petitioner makes several additional unpersuasive arguments. Petitioner argues that "cause" was counsel's alleged ineffective assistance by not raising claims 2a, 2b, 2c, 2f, 2g, and 2h during trial. Petitioner also argues that counsel should have called a Danville police detective to testify that petitioner was going to set up Reuben Johnson on a drug buy after Johnson allegedly took petitioner's car at gun-point to settle a drug debt. However, petitioner acknowledges that he decided not to set Johnson up or become a "snitch." Petitioner believes that counsel should have called the detective to testify to tell the jury these facts. Petitioner argues counsel should have called a Chinese-food delivery person to testify that when he delivered food to the apartment the night of the murder, the apartment was filled with marijuana

smoke, Ford and Johnson were rude to the delivery person, and petitioner tipped the delivery person. This testimony would allegedly contradict Ford's and Johnson's testimony that they were not smoking marijuana. Petitioner also argues counsel was ineffective for not objecting to the prosecution's allegedly inflammatory statement during closing argument that petitioner fired at "all of them." Petitioner argues that neither Ford nor Anderson alleged that petitioner fired a gun at them. Petitioner argues that counsel was ineffective for not properly appealing the convictions for two counts of using a firearm in the commission of a felony, discharging a firearm in an occupied dwelling, and felony eluding. Petitioner also believes counsel was ineffective at sentencing because he waived the pre-sentence report.

The court finds that petitioner fails to establish ineffective assistance to excuse his procedural default on these issues. Counsel was not ineffective for not raising the due process claims because petitioner fails to elaborate and establish either deficient performance or resulting prejudice required by Strickland. In light of the state court records and the analysis already provided, petitioner fails to establish that his counsel was incompetent, he was denied a fair trial, the trial court charged the jury with erroneous instructions, or the prosecutor "misled" the jury. Plaintiff fails to establish counsel's deficient performance or resulting prejudice related to an improper sentence or an "improper appeal" of the convictions for which the evidence establishes his culpability. The Danville police officer's proposed testimony would not have impacted the facts or elements of petitioner's charges. Whether the victims and witnesses smoked marijuana also does not impact the evidence at trial, including petitioner's own testimony that he shot firearms inside the apartment. The prosecutor's alleged statement that petitioner shot at "all of them" does not impact his convictions because whether petitioner shot at "all of them" was not

an issue at trial. Petitioner acknowledged that he shot Johnson, and other eyewitnesses testified that petitioner shot the other victim dead; these acts constituted the crimes for which the jury found him guilty. The court already found that petitioner failed to establish ineffective assistance when counsel appealed and waived the pre-sentence report. See, supra, II.B. The court does not find these arguments persuasive to set aside petitioner's procedural default. Accordingly, petitioner does not establish cause and prejudice to excuse his procedural default, and the court will not review claims 2a, 2b, 2c, 2f, 2g, and 2h.

D.

The Supreme Court of Virginia's adjudication of petitioner's due process claims were not contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of the facts. Furthermore, petitioner does not establish that he was denied due process.

Petitioner alleges the evidence was insufficient to prove that he murdered and maliciously wounded other people.[5] A state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis).

Petitioner presented this claim to the Supreme Court of Virginia on his direct appeal, but

---

[5]The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

the Supreme Court of Virginia refused to hear his petition. The Supreme Court of Virginia

declined to entertain the issue on habeas review pursuant to Henry v. Warden, 265 Va. 246, 576

S.E.2d 495, 496 (2003). See Hood v. Johnson, No. 2:06cv422, 2007 U.S. Dist. LEXIS 11583,

2007 WL 593576, at *5 (E.D. Va. Feb. 16, 2007) ("Where the underlying claim purports to

concern a federal constitutional issue . . . the rule espoused in Henry . . . does not prevent federal

habeas review of the claim.") (citing Goins v. Angelone, 226 F.3d 312, 320 n.3 (4th Cir. 2000)).

Therefore, the court may rely on the per curiam opinion issued by the Court of Appeals of

Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can

rely on a reasoned state court judgment resting primarily on federal law when later unexplained

state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991)

(stating written findings of historical fact by the state court are presumed to be correct and

entitled to deference unless shown to be erroneous).

The Court of Appeals of Virginia held that the evidence was sufficient to convict

petitioner of murder and malicious wounding.[6] The court reviewed the trial record, which the

Court of Appeals of Virginia aptly summarized in two opinions. Regarding the first degree

---

[6]Virginia Code § 18.2-32 requires the Commonwealth to prove a "willful, deliberate, and premeditated
killing" to sustain a conviction for first degree murder. Virginia Code § 18.2-51 [Shooting, stabbing, etc., with intent
to maim, kill, etc ] states:
> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily
> injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise
> provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the
> intent aforesaid, the offender shall be guilty of a Class 6 felony.

The Supreme of Virginia defines malice as:
> [T]he intentional doing of a wrongful act without legal justification or excuse, or as the result of ill
> will. Malice and the specific intent to maim, etc., may be evidenced by words or inferred from acts
> and conduct under the rule that a person is presumed to have intended the natural and probable
> consequences of his voluntary act.

Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969) (citing Dawkins v. Commonwealth, 186
Va. 55, 61, 41 S.E.2d 500, 503 (1947)).

murder conviction, the Court of Appeals recited that:

> Laneika Ford testified she heard a gunshot, then saw Reuben Johnson run into the living room where Barley was standing. Ford then saw [petitioner] enter the room, carrying and shooting two guns. Ford stated [petitioner] looked at Barley, then he shot Barley, who was killed as a result of the shooting. [Petitioner] testified he did not know how Barley was shot.

Fitzgerald v. Commonwealth, No. 1131-06-3 at 2. See Tr. Tran. 3/27/06, 175-77, 186-97.

Regarding the malicious wounding conviction, the Court of Appeals recited that:

> Johnson, the victim, and the Commonwealth's eyewitnesses, Arthur Anderson and Laneika Ford, all described a completely unprovoked, surprise attack by [petitioner], with the use of two firearms, upon Johnson and Barley. The Commonwealth's witnesses' testimony revealed that [petitioner] shot and killed Barley and shot at and wounded Johnson numerous times, as Johnson fled from Ford's apartment.
>
>                     \* \* \*
>
> Johnson spent six days in the hospital due to his wounds. The bullet that entered his neck exited out the back of his neck, leaving a scar. All but one of the bullets went straight in, then out. The remaining bullet caused apparently lasting damage to Johnson's right index finger and thumb.

Fitzgerald v. Commonwealth, No. 2502-06-3 at 2. See Tr. Tran. 3/27/06, 102, 107-14, 152-55.

Petitioner does not present clear and convincing evidence that the trial court resolved any factual issue incorrectly. Petitioner argues that another shooter was in the apartment because of the various shell casings on the floor and his annotated crime scene photos prove that cocaine was in the apartment although police said no drugs were found. The alleged cocaine does not relate to petitioner's convictions, and the evidence, including an immediate response by police to secure the scene, contradict any allegation of additional shooters. The trial court gave more weight to the credibility of the Commonwealth's witnesses, investigators, eyewitnesses, and the victim, versus the credibility of petitioner's testimony. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses).

After reviewing the trial transcript and evidence in the light most favorable to the Commonwealth, the court finds that <u>any</u> rational trier of fact could have that found that petitioner committed first degree murder and malicious wounding. Petitioner wanted the car he sold to Johnson or for Johnson to pay petitioner the remaining $200 debt, but Johnson would not pay until petitioner gave him the title. Petitioner grabbed Johnson's gun from him, pointed it at Johnson, and began shooting both firearms inside the apartment while Johnson fled. Petitioner looked at the murder victim and shot the victim in the face, causing his death. Johnson's wounds from petitioner's bullets caused permanent physical injury. After petitioner ran from the apartment into a car and sped away, police vehicles chased him while operating their emergency lights, but petitioner only stopped when he drove to the end of a dead-end street. Therefore, petitioner fails to establish that the evidence was insufficient to sustain his convictions for first degree murder and malicious wounding, and the court dismisses this claim.

Petitioner alleges the trial court erred by permitting a jury view of an apartment similar to the one where the crimes occurred. The Supreme Court of Virginia declined to review this claim, pursuant to <u>Henry v. Warden</u>, 265 Va. 246, 576 S.E.2d 495 (2003).[7]

The court finds that the jurors viewing the empty apartment did not deny petitioner a fair trial. The jury was taken to see a similar apartment to the apartment where the crimes occurred. The property owner testified that there was an empty apartment identical to where the crimes took place. (Tr. Tran. 3/27/06, 136-37.) He also testified that the apartment in which the crime occurred was occupied, both apartments were 887 square feet, and both apartments had "the

---

[7]However, the Supreme Court of Virginia considered the issue as it rejected an ineffective assistance of counsel claim based on counsel's alleged failure to object to the view.

exact same floor plan." (Id. 137-38.) The court told the jury that "the purpose of the view is to allow you to see the dimensions and the interior of this unit . . . . It's simply to let you have an opportunity to see the interior dimensions of the unit." (Id. 140.) Petitioner's only complaint is that the viewed apartment was empty at the time of the view. After reading the transcripts, the court understands that the apartment viewing enhanced the jurors' understanding of the witnesses' testimonies about who was standing where and in which room and the paths they ran when petitioner began shooting. The court is not persuaded that the simple fact that furniture was not present in the apartment deprived him of a fair trial because witnesses discussed the location and the size of the furniture while they testified.

Petitioner alleges the prosecutor failed to turn over exculpatory evidence and denied defense counsel the opportunity to review prior statements of the Commonwealth's witnesses. He says the statements of the Commonwealth's witnesses were inconsistent and, therefore, must be exculpatory.

Petitioner does not describe the alleged discrepancies between the witnesses' pretrial statements and their trial testimony. Instead, he says each witnesses' testimony was internally inconsistent and also inconsistent with other witnesses and the physical evidence. (Mem. 16-19.) Therefore, petitioner actually argues that the alleged inconsistencies occurred during the trial, not during pretrial and trial periods. The jury weighed the credibility of the witnesses' testimonies, including the petitioner's, and relied on the Commonwealth witnesses allegedly inconsistent testimony during the trial. Petitioner's bare conclusion that a reasonable probability of his acquittal would have occurred if he had copies of unknown pretrial statements is speculative in light of the totality of circumstances the jury relied on to convict him.

III.

For the foregoing reasons, the court grants petitioner's motions to amend and grants respondent's motion to dismiss.[8] Based upon the court's finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

**ENTER**: This _26th_ day of February, 2010.

_____
Senior United States District Judge

---

[8]Therefore, petitioner's motion to appoint counsel is moot.